Peter J. BRENNAN, Secretary of Labor, United States Department of Labor, Appellant,

v.

McDONNELL DOUGLAS CORPORATION, Appellee.

Phillip W. HOUGHTON, Plaintiff,

v.

McDONNELL DOUGLAS CORPORATION, Defendant-Appellee,

Peter J. Brennan, Secretary of Labor, United States Department of Labor, Applicant for Intervention-Appellant.

Nos. 74–1639, 74–1931.

United States Court of Appeals, Eighth Circuit.

Jan. 27, 1975.

Jacob I. Karro, Atty., U. S. Dept. of Labor, Washington, D. C., for appellant Brennan in No. 74–1639.

Thomas C. Walsh, St. Louis, Mo., for appellee McDonnell Douglas Corp. in No. 74–1639.

William J. Kilberg, Sol. of Labor, Carin Clauss, Associate Sol., Sandra P. Bloom and Jacob I. Karro, Attys., U. S. Dept. of Labor, Washington, D. C., and Tedrick A. Housh, Regional Sol., filed appendix and brief for appellant Brennan in No. 74–1931. Appearances were filed in this Court by Donald J. Stohr, U. S. Atty., Joseph B. Moore, Asst. U. S. Atty., St. Louis, Mo., and Donald S. Shire, Deputy Associate Sol., U. S. Dept. of Labor, Washington, D. C.

Veryl L. Riddle and Thomas C. Walsh, St. Louis, Mo., filed appearances for McDonnell Douglas Corp. in No. 74–1931 but did not file brief.

Before GIBSON, Chief Judge, and HEANEY and ROSS, Circuit Judges.

## ORDER

This Court currently has before it two appeals by the Secretary of Labor in cases involving McDonnell Douglas Corporation. The appeals are linked, since a resolution of either in the Secretary's favor will moot the other.

*Houghton v. McDonnell Douglas Corp.,* [the "private suit"] involves a claim under the Age Discrimination in Employment Act, arising from McDonnell's termination of a 52-year-old test pilot. Houghton was removed from flight status on January 1, 1972. He advised the Secretary of his intent to sue McDonnell on June 26, 1972. The Secretary investi-

gated the claim, and on September 12, 1972, advised Houghton that he was free to sue McDonnell. After Houghton was discharged on December 12, 1972, he filed a suit against McDonnell on January 9, 1973, alleging a violation of the Act, and seeking an injunction, reinstatement, back wages, liquidated damages, and attorney fees.

On March 12, 1974, the Secretary filed his suit [the "government suit"] against McDonnell, alleging age discrimination against Houghton and other test pilot employees. He sought only prospective relief against the discriminatory practices. The Secretary sought consolidation of his suit with the private action. On July 1, 1974, Judge Wangelin denied the motion as untimely, but indicated that he would entertain a motion for intervention. On August 2, 1974, Judge Meredith dismissed the Secretary's action without opinion, apparently on the ground that it was duplicitous with the private suit, and ought to be pursued by means of intervention in the private suit. This order of dismissal is appealed in No. 74–1639.

After the dismissal of the government suit, the Secretary sought leave to intervene in the private suit. Judge Wangelin denied intervention on the ground that the Secretary's application was not "timely" within the meaning of Rule 24. The denial of that motion is the basis of the appeal in No. 74–1931.

■ In support of the District Court's dismissal of the government suit, McDonnell cites *EEOC v. Missouri Pacific Railroad Co.*, 493 F.2d 71 (8th Cir. 1974), which held that, under Title VII, once a private suit is commenced, the Secretary is limited to the route of permissive intervention, and cannot bring an independent action. McDonnell argues that, under the Age and Discrimination in Employment Act, the Secretary is also barred from bringing an independent suit once a private action is commenced. We do not find it necessary to answer that question here, for the Secretary has moved to intervene in the private suit and we have concluded that the motion was not untimely.

■ Judge Meredith's dismissal of the government suit was predicated on the assumption that intervention would still be granted in the private suit. We believe that this was a sensible approach to unraveling the procedural snarl, and that intervention should have been granted and the matter promptly tried. Accordingly, we reverse and remand the order denying intervention in No. 74–1931.

The record does not permit us to determine the precise scope of the intervention which should be allowed. Suffice it to say that one of the broad purposes underlying Rule 24 is the discouragement of piecemeal litigation. We are confident that the District Court will determine the scope of intervention in the light of this purpose.

Since the Secretary will be granted leave to intervene in the private suit, the relief requested in the appeal in No. 74–1639 is unnecessary. Accordingly, that appeal is dismissed as moot.

■ Because we have decided No. 74–1931 and dismissed the appeal in No. 74–1639, it is not necessary for us to grant a stay of proceedings in the trial court pending appeal. On remand, the trial court shall have the power to determine if a brief postponement is in order. Judge Wangelin's concern that the matter proceed to trial is a commendable one, and the intervention of the Secretary should not serve as the occasion for further protracted delay.