EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellant,

v.

The WACKENHUT CORPORATION, Defendant–Appellee.

No. 90–4260.

United States Court of Appeals, Fifth Circuit.

Aug. 6, 1991.

John F. Suhre, E.E.O.C., Washington, D.C., Richard J. Deaguero, E.E.O.C., New Orleans, La., Jeffery T. Agular, Keith T. Hill, E.E.O.C., Washington, D.C., for plaintiff-appellant.

Mark N. Mallery, Horace A. Thompson, McCalla, Thompson, Pyburn & Ridley, New Orleans, La., for defendant-appellee.

Before WISDOM, KING and BARKSDALE, Circuit Judges.

KING, Circuit Judge:

On May 22, 1989, Frank Nealy (Nealy) filed suit in the Western District of Louisiana against defendant-appellee The Wackenhut Corporation (Wackenhut), alleging

wrongful termination in violation of the Age Discrimination in Employment Act (ADEA). On June 15, 1989, the Equal Employment Opportunity Commission (EEOC) filed suit against Wackenhut on behalf of Nealy, alleging the same facts and raising the same issues.

Wackenhut filed a motion to dismiss the EEOC's suit as duplicative of the private action brought by Nealy, suggesting that rather than maintain its own suit the EEOC should instead intervene in Nealy's suit. The EEOC, in turn, requested that it maintain a separate suit but that the two suits be consolidated. The magistrate rejected the EEOC's request for consolidation and made recommendations (1) that the EEOC's suit be dismissed,[1] and (2) that the EEOC be permitted to intervene in Nealy's suit.

Pursuant to the district court's adoption of these recommendations, the EEOC, on February 26, 1990, intervened in Nealy's suit. On April 6, 1990, the EEOC filed this appeal seeking to overturn the district court's dismissal of its independent action against Wackenhut.[2] For the reasons set forth below, we find that the district court erred in dismissing the EEOC's suit and therefore we reverse.

## I. *Discussion*

The district court's dismissal of the EEOC's suit was based on a legal determination that under the ADEA, the governing statute in this case, the EEOC is barred from bringing duplicative actions on behalf of plaintiffs who have already independently filed suit. We review such conclusions of law *de novo*.

The ADEA authorizes enforcement of its provisions pursuant to specified sections of the Fair Labor Standards Act (FLSA).[3] Those sections authorize both private and government suits and specifically address the issue of overlapping or duplicative suits. The FLSA clearly states that when the government initiates suits on behalf of an employee, either for damages or for injunctive relief, the employee's right to subsequently bring suit to enforce the same rights shall be terminated. The text of the ADEA itself, moreover, states that the right of any aggrieved person to bring a civil action for legal or equitable relief "shall terminate upon the commencement of an action by the Equal Employment Opportunity Commission to enforce the right of such employee under [the Act]." 29 U.S.C. § 626(c).

We find it significant that while the statute expressly gives preclusive effect to suits filed first by the government, it fails to give similar effect to suits filed first by individual plaintiffs. In fact, nothing in the text of the ADEA or the FLSA suggests that the EEOC may not file an independent action on behalf of an individual when that individual has already filed an action on his own behalf. The legislative history to the enforcement provisions of the FLSA, moreover, provides indication that Congress intended to allow the government to bring suit after a private action has been filed under the ADEA. The Conference Re-

---

**1.** On October 10, 1989, the EEOC filed written objections to the magistrate's recommendation. While its objections were pending before the district court, counsel for the EEOC made an *ex parte* motion to the court to consolidate the two suits. The district court granted this motion on October 31, 1989, but upon subsequent consideration of the magistrate's recommendations, the district court vacated the order of consolidation, dismissed the EEOC's suit, and ordered that the EEOC had thirty days in which to intervene in Nealy's suit.

**2.** The district court ruled on July 2, 1990, that no trial action should be taken pending disposition or withdrawal of the EEOC's appeal.

**3.** The enforcement provisions of the ADEA, 29 U.S.C. § 626(b), state that enforcement shall be

in accordance with the "powers, remedies, and procedures" provided in specified sections of the FLSA. *See* 29 U.S.C. §§ 211(b), 216 (except for subsection (a) thereof), and 217. Those sections of the FLSA which are incorporated by reference into the ADEA state, *inter alia,* that the right to bring an action by or on behalf of an employee, and the right of any employee to become a party plaintiff to any such action, shall terminate upon the filing of a complaint by the government in an action either under section 217 of the Act (injunction proceedings) or under section 216(c) of the Act in which a recovery is sought of unpaid minimum wages or unpaid overtime compensation or liquidated or other damages. 29 U.S.C. § 216(b), (c).

port's discussion of the amendment to the FLSA concerning duplicative suits states:

> The bringing of an action by the [government] seeking such relief with respect to such compensation owing to any employee would, after filing of the complaint in the [government's] action, preclude such employee from becoming a party plaintiff in a private action to recover the amounts due .... The filing of the [government's] complaint against an employer would not, however, operate to terminate any employee's right to maintain such a private suit to which he had become a party plaintiff before the [government's] action.

Conf.Rep. No. 327, 87th Cong., 1st Sess., *reprinted in* 1961 U.S.Code Cong. & Admin.News 1620, 1706, 1713–14. The final sentence of the quotation reflects Congress' contemplation of government suits being filed independent of, and subsequent to, employee suits. While the wording places emphasis on the integrity of the *employee's* suit, it clearly implies legislative intent to allow both the initially filed employee's suit, and the subsequently filed government suit, to proceed unfettered.

Wackenhut acknowledges that the ADEA does not expressly preclude the EEOC from bringing suits on behalf of employees who have already initiated individual actions. It argues, however, that in the absence of a clearer statutory directive within the ADEA, Title VII[4] should govern the issue because much of the ADEA was modeled on Title VII and the two statutes have, in many respects, been construed consistent with each other. This reasoning influenced the decision of the magistrate, who referred in his recommendations both to the incorporation of language from Title

VII into the ADEA and to this court's acknowledgment that case law arising under one of the two statutes is often applied to resolve disputes under the other. *See Elliott v. Group Medical & Surgical Serv.*, 714 F.2d 556, 557 n. 1 (5th Cir.1983), *cert. denied*, 467 U.S. 1215, 104 S.Ct. 2658, 81 L.Ed.2d 364 (1984).

Although the language of Title VII, like the ADEA, does not expressly require dismissal of EEOC suits filed subsequent to private actions, in such cases the courts ordinarily limit the EEOC to a role of intervenor. According to the magistrate's report: "[t]he reasoning for these decisions is that (1) trial courts need to avoid duplicating suits, and (2) Title VII expressly provides for intervention in the previously filed suit."[5] The magistrate found that considerations of judicial economy, which inform Title VII jurisprudence in duplicative suits, apply equally in the instant case. Therefore, concluding that as a matter of law Title VII should be applicable to cases involving duplicative proceedings under the ADEA, the magistrate recommended, and the district court held, that the EEOC's right to litigate on behalf of Nealy, after Nealy brought an independent action, was limited to a right of intervention.[6]

We disagree with the judgment of the district court and find that Title VII, as a matter of law, does not apply to control the disposition of duplicative ADEA suits. We find that the text and legislative history of the ADEA and FLSA indicate, on the contrary, that Congress did *not* intend for individual employee suits based on the ADEA to bar the subsequent filing of EEOC suits. Critical to our determination is the fact that Title VII and the ADEA

**4.** 42 U.S.C. § 2000e *et seq.*

**5.** *See* 42 U.S.C. § 2000e–5(f)(1) (providing for right of intervention by aggrieved person or persons in civil action brought by the EEOC, and for discretionary grants of intervention by the courts to the EEOC in cases brought by aggrieved person or persons).

**6.** The EEOC argues that even if Title VII does apply in this case, its action should not have been dismissed as duplicative because its complaint alleges a willful violation of the ADEA

and seeks both injunctive relief and liquidated damages, while Nealy's suit seeks only compensatory damages and lost wages. *See EEOC v. Huttig Sash & Door Co.*, 511 F.2d 453, 455 (5th Cir.1975) ("We are convinced that Congress meant to avoid duplicative proceedings by limiting the EEOC to permissive intervention *when the EEOC raises no substantially different issues and seeks no relief other than for the private party*.") (emphasis added) (Title VII case). Because we hold that Title VII does not govern the instant case, we need not reach this issue.

diverge substantially in their enforcement provisions. *See Lorillard v. Pons*, 434 U.S. 575, 584, 98 S.Ct. 866, 872, 55 L.Ed.2d 40 (1978) (argument analogizing ADEA to Title VII found unavailing, for, despite "important similarities between the two statutes," "it [was] the remedial and procedural provisions of the two laws that [were] crucial and there [existed] significant differences"). Notably, while Title VII explicitly provides for intervention by both the EEOC and the aggrieved party, the ADEA makes no mention of intervention whatsoever.

The magistrate acknowledged the absence of intervention language in the ADEA, but argued that intervention is nonetheless permissible, citing the Eighth Circuit's decision in *Brennan v. McDonnell Douglas Corp.*, 519 F.2d 718 (8th Cir. 1975), *cert. denied*, 434 U.S. 966, 98 S.Ct. 506, 54 L.Ed.2d 451 (1977). In *Brennan*, the government sought to appeal both the dismissal of its independent suit brought under the ADEA and the district court's denial, on timeliness grounds, of its motion to intervene in the employee's private suit. The Eighth Circuit found that the motion for intervention was timely and therefore directed the district court to allow the EEOC to intervene.[7]

We do not dispute that intervention by the EEOC in a private action may be *permissible* under the ADEA, provided the EEOC opts to intervene and chooses not to pursue an independent suit. We do not agree, however, that intervention is mandated as the only permissible route for the EEOC when a private plaintiff has filed suit first. The issue before us is not whether the EEOC may intervene, but whether, under the ADEA, the EEOC may initiate a separate suit. *Brennan* provides no guidance on this question because the court specifically declined, on mootness

grounds, to address the question whether, under the ADEA, the government is barred from bringing an independent suit once a private action has been commenced.

Therefore, based upon our reading of the relevant statutes and legislative history, we are persuaded that Congress did not intend for the EEOC to be barred from bringing enforcement actions on behalf of employees who have already filed individual actions under the ADEA. While we are sensitive to the concerns of judicial economy expressed by the magistrate, we are not persuaded that the maintenance of two independent suits—given the district court's discretionary power to consolidate them—will sacrifice judicial economy.[8]

## II. *Conclusion*

For the foregoing reasons, we hold that the district court erred in dismissing the EEOC's suit and therefore we REVERSE and REMAND for further proceedings consistent with this opinion.

---

7. The Eighth Circuit concluded that resolution of the intervention issue mooted the issue whether the dismissal of the EEOC's independent case was legally permissible.

8. The consolidation approach also allows the EEOC greater freedom in carrying out its enforcement functions. As an intervenor, its

rights are subject to greater restrictions than as a separate or consolidated party. *See Harris v. Amoco Prod. Co.*, 768 F.2d 669, 675 (5th Cir. 1985) (permissive intervenor falls somewhere in gray area between spectator and participant), *cert. denied*, 475 U.S. 1011, 106 S.Ct. 1186, 89 L.Ed.2d 302 (1986).