Carl WHITE, Plaintiff,

v.

CITY OF HANNIBAL, MO., Defendant,

Equal Employment Opportunity Commission, Intervenor Plaintiff.

No. 2:93CV123.

United States District Court, E.D. Missouri, Northern Division.

April 25, 1994.

Louis W. Riggs, Cruse, Dempsey, Dempsey & Riggs, P.C., Hannibal, MO, for plaintiff Carl White.

Thomas Peter Danielsons, City Atty., Hannibal, MO, Ivan L. Schraeder, Ellisville, MO, for defendant City of Hannibal, MO, a Mun. Corp.

Gretchen D. Huston, Donna L. Harper, Sr. Lead Trial Atty., EEOC, St. Louis, MO, for intervenor plaintiff E.E.O.C.

## MEMORANDUM AND ORDER

HAMILTON, District Judge.

This matter is before the Court pursuant to the Motion of the Equal Employment Opportunity Commission (EEOC) to Intervene as Party Plaintiff and Plaintiff's Motion for Leave to Amend Complaint.

Plaintiff contends that Defendant the City of Hannibal, Missouri refused to hire Plaintiff for a position in the City's wastewater treatment plant. Plaintiff further contends that the City refused to hire him because of his age. Plaintiff filed a timely charge of discrimination with the EEOC and the Missouri Commission on Human Rights. On February 10, 1993, the MCHR rendered a Finding of Probable Cause. On September 29, 1993, the EEOC issued a Determination of Violation. On October 13, 1993, Plaintiff filed this action pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 *et seq.* and the Missouri Human Rights Act (MHRA), Mo.Rev.Stat. §§ 213.010 *et seq.*

### Motion to Intervene

■ In its proposed Complaint, the EEOC alleges that Defendant failed to promote Plaintiff Carl White to the position of Waste Water Treatment Operator because of his age. Defendant opposes the EEOC's Motion to Intervene on various grounds. First, Defendant contends that deficiencies in the EEOC's pleadings and in its service of the Motion preclude intervention. Second, Defendant contends that the EEOC has waived its interest in this matter when it provided Plaintiff with a Right to Sue letter and when it failed to allow Defendant to participate in administrative proceedings.

Federal Rule of Civil Procedure 24(b) provides for permissive intervention in an action "when an applicant's claim or defense and the main action have a question of law or fact in common." In determining whether to grant intervention, the court must consider "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed.R.Civ.P. 24(b). The Eighth Circuit Court of Appeals has permitted the EEOC to intervene in a private suit under the ADEA. *Brennan v. McDonnell Douglas Corp.,* 519 F.2d 718 (8th Cir.1975). *See also EEOC v. Wackenhut Corp.,* 939 F.2d 241, 244 (5th Cir.1991) (intervention by EEOC in private action under the ADEA may be permissible in certain circumstances); *Glass v. IDS Financial Services, Inc.,* 778 F.Supp. 1029, 1048–50 (D.Minn. 1991) (denying defendants' motion to dismiss EEOC's complaint in intervention for failure to conciliate).

Upon review of the EEOC's proposed complaint in intervention, the Court finds that resolution of the EEOC's complaint and Plaintiff's action will turn on common questions of law and fact. Moreover, the Court cannot say that intervention will prejudice Defendant's rights in this action. Though the record is unclear with respect to Defendant's allegation that it never received a copy of the EEOC's proposed complaint, it is clear that a proposed complaint was filed with the Motion to Intervene and that Defendant has had an opportunity to review that pleading. Finally, the Court notes that Defendant has provided no evidence in support of its contention that the EEOC failed to allow Defendant to participate in administrative proceedings related to this matter and has provided no authority in support of its contention that such a failure should result in waiver of the EEOC's right to intervene.

Therefore, for all of the foregoing reasons, the Court will grant the Motion of the EEOC to Intervene as Party Plaintiff in this action.

### Motion for Leave to Amend

Plaintiff seeks leave to amend his complaint to allege that Defendant terminated Plaintiff's employment on September 17,

1993 and that the discharge was retaliatory in nature.

██ Whether to permit the amendment of a complaint after a responsive pleading has been served is left to the discretion of the trial court. *United Paperworkers International Union, etc. v. Jefferson Smurfit Corp.,* 771 F.Supp. 992, 999 (E.D.Mo.1991), *aff'd,* 961 F.2d 1384 (8th Cir.1992). The Federal Rules of Civil Procedure provide that "leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a).

After consideration of the matter, the Court will permit Plaintiff to amend his complaint to include a retaliatory discharge claim. Because Defendant has filed a summary judgment motion in this matter, the Court specifically notes that Defendant retains the right to file a supplemental motion for summary judgment directed at Plaintiff's retaliatory discharge claim should it chose to do so.

For all of the foregoing reasons,

**IT IS HEREBY ORDERED** that Proposed Plaintiff Intervenor's Motion to Substitute [Docket No. 8] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion of Equal Employment Opportunity Commission (EEOC) to Intervene as Party Plaintiff [Docket No. 5] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend Complaint [Docket No. 11] is **GRANTED**.