**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**SWIFT TRANSPORTATION CO., INC., Defendant.**

No. 99–2329–JWL.

United States District Court, D. Kansas.

Nov. 12, 1999.

Janice M. Karlin, Office of U.S. Atty., Kansas City, KS, Barbara A. Seely, St. Louis, Mo, Andrea G. Baran, Kansas City, KS, for plaintiff.

Paula E. Hosler, Lathrop & Gage L.C., Overland Park, KS, Rebecca McGinnis, Lathrop & Gage L.C., Kansas City, MO, for defendant.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

The EEOC filed this case against defendant Swift Transportation Co., Inc. on behalf of six of defendant's employees and all other female driver managers employed by defendant aggrieved by defendant's alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Equal Pay Act of 1963, 29 U.S.C. § 206(d). This matter is presently before the court on defendant's motion to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(1) (doc. # 6). For the reasons set forth below, defendant's motion is denied.

*Background*

In May 1998, Melissa Meek, a former employee of defendant, filed a charge of discrimination with the EEOC alleging that defendant had engaged in sex discrimination in violation of Title VII and the Equal Pay Act. In May 1999, the EEOC issued Ms. Meek a notice of right-to-sue. In June 1999, Ms. Meek filed a lawsuit against defendant.[1]

---

1. Ms. Meek's case is currently pending before this court as Case No. 99–2233–JWL.

One month later, in July 1999, the EEOC filed its initial complaint against defendant and, in September 1999, served defendant with an amended complaint. In its amended complaint, the EEOC alleges that defendant paid its female driver managers less wages than the wages paid to male driver managers. The EEOC further alleges that defendant retaliated against female employees by removing them from the driver manager position for testifying or agreeing to testify in an Equal Pay Act proceeding. The EEOC brought this action pursuant to section 706(f)(1) of Title VII, 42 U.S.C. § 2000e–5(f)(1), and section 16(b) and (c) of the Fair Labor Standards Act, 29 U.S.C. § 216(b) and (c). Its action is premised on Ms. Meek's charge of discrimination.

In its motion, defendant maintains that the EEOC is precluded from bringing an action under section 706(f)(1) because a private action has been filed by Ms. Meek involving substantially the same allegations and arising from the same charge filed with the EEOC. According to defendant, then, the EEOC's complaint must be dismissed.

*Discussion*

■ Before turning to the merits, the court addresses the procedural posture of defendant's motion. Defendant moves to dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, asserting that this case lacks subject matter jurisdiction over this case. It is well settled that "the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.,* the courts' statutory or constitutional *power* to adjudicate the case." *See Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 118 S.Ct. 1003, 1010, 140 L.Ed.2d 210 (1998) (emphasis in original) (citation omitted). In fact, as the Supreme Court recently reiterated, "dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court or otherwise

completely devoid of merit as not to involve a federal controversy.'" *Id.* (quoting *Oneida Indian Nation of N.Y. v. Oneida County,* 414 U.S. 661, 666, 94 S.Ct. 772, 39 L.Ed.2d 73 (1974)); *accord Harline v. Drug Enforcement Admin.,* 148 F.3d 1199, 1203 (10th Cir.1998) (quoting *Steel Co.*), *cert. denied sub nom. Harline v. Department of Justice,* —— U.S. ——, 119 S.Ct. 798, 142 L.Ed.2d 660 (1999).

Plaintiff here presents a non-frivolous claim under federal law. No more is necessary for subject-matter jurisdiction. *See Cardtoons, L.C. v. Major League Baseball Players Ass'n,* 95 F.3d 959, 965 (10th Cir. 1996) ("Dismissal of a complaint for lack of subject matter jurisdiction would only be justified if 'that claim were "so attenuated and unsubstantial as to be absolutely devoid of merit" or "frivolous."'" (quoting *Baker v. Carr,* 369 U.S. 186, 199, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962))). Thus, the court denies defendant's motion to the extent it seeks dismissal for lack of subject matter jurisdiction.

Construing defendant's motion as a motion to dismiss for failure to state a claim upon which relief may be granted, *see* Fed.R.Civ.P. 12(b)(6), the court now turns to the merits of the motion. The court will dismiss a cause of action for failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief, *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Maher v. Durango Metals, Inc.,* 144 F.3d 1302, 1304 (10th Cir.1998), or when an issue of law is dispositive. *Neitzke v. Williams,* 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, *Maher,* 144 F.3d at 1304, and all reasonable inferences from those facts are viewed in favor of the plaintiff. *Witt v. Roadway Express,* 136 F.3d 1424, 1428 (10th Cir.), *cert. denied,* —— U.S. ——, 119 S.Ct. 188, 142 L.Ed.2d 153 (1998). The issue in resolving a motion such as this is not whether the

plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

■ In its motion to dismiss, defendant contends that the EEOC cannot bring an action under section 706(f)(1) because a private action has been filed by Ms. Meek involving substantially the same allegations and arising from the same charge filed with the EEOC. Relying on the Tenth Circuit's decision in *EEOC v. Continental Oil Co.,* 548 F.2d 884 (10th Cir.1977), defendant maintains that the EEOC may not maintain its own independent action once the charging party files a private suit. *See Continental Oil,* 548 F.2d at 888–90. If the charging party has filed suit, then the EEOC may participate in the litigation only through intervention in the private suit. *See id.*

In *Continental Oil,* the EEOC brought a civil action against the defendant pursuant to section 706(f)(1) on behalf of Samuel Willis and Willie Stanley. *See id.* at 885. The EEOC had investigated discrimination charges filed by these individuals and concluded that they were supported by reasonable cause. *Id.* Conciliation efforts by the EEOC were unsuccessful. *Id.* Accordingly, the EEOC issued right-to-sue letters to the individuals at their request. *Id.* Mssrs. Willis and Stanley then filed separate actions in the United States District Court for the District of Colorado. *Id.* Approximately one year later, the EEOC filed its action against the defendant. *Id.* The trial court ultimately dismissed the EEOC's action because it duplicated the private actions filed by the individuals. *Id.* at 886.

On appeal, the Tenth Circuit addressed the issue of the authority of the EEOC to bring a separate civil action under section 706(f)(1) when actions had already been instituted by the individual claimants. *See id.* After examining the relevant statutory language and conflicting interpretations by various circuits, the Tenth Circuit adopted the holding of the Eighth Circuit in *EEOC v. Missouri Pacific Railroad Co.,* 493 F.2d 71 (1974). In *Missouri Pacific,* the court held "that when an individual has brought suit on his charge the EEOC may not sue but rather is limited to participation in the litigation through intervention in the private suit." *See id.* at 888. Ultimately, the Tenth Circuit affirmed the district court's dismissal of the EEOC's suit. *See id.* at 890.

The EEOC contends that the Circuit's decision in *Continental Oil* is inapplicable to the facts presented here. Specifically, the EEOC highlights that the Commission's suit in *Continental Oil* was limited in scope to two aggrieved individuals— both of whom had filed individual Title VII claims. *See id.* at 886. Here, the EEOC's complaint seeks relief for six specific individuals and any other female driver managers not presently known to the Commission. In fact, the EEOC's complaint does not even seek relief for Ms. Meek.[2] In essence, then, the EEOC argues that its complaint is viable because it is broader in scope that Ms. Meek's private suit.

The court agrees with the EEOC that the Circuit's decision in *Continental Oil* is not dispositive of the issue before the court. Section 706(f)(1) provides that the EEOC may be allowed to intervene in a previously filed private lawsuit at the discretion of the trial court and upon certification that the case is of general public importance. In adopting the Eighth Circuit's interpretation of section 706(f)(1), the Tenth Circuit placed "primary reliance . . . on the construction of the language of the statute to avoid surplusage." *See id.* In other words, according to the Circuit:

> [I]f the EEOC is allowed to file suit upon the charge of an individual despite

---

2. In *Continental Oil,* the Tenth Circuit expressly declined to address the issue of the permissible scope of EEOC actions on a given charge under section 706. *See* 548 F.2d at 886 n. 1. Defendant here does not ask the court to consider the permissible scope of an EEOC suit premised on Ms. Meek's charge of discrimination. Because defendant has not raised the issue, the court need not address it.

the previous filing of a lawsuit by that individual, the EEOC would be able to participate in that private suit, with the permission of the trial court and without regard to certification of the case as of general public importance, by way of a motion to consolidate the suits under Fed.R.Civ.P. 42(a). The statutory grant of permissive intervention would be rendered inconsequential, as would be the directive that the case be certified as of general public importance as a condition to participating in a private suit.

*See id.* at 889. To give significance to the intervention provision of section 706(f)(1), then, the Circuit concluded that the provision for intervention "must be read as the exclusive procedure by which the EEOC may participate in a previously filed private lawsuit under 706(f)(1)." *See id.*

The facts presented in *Continental Oil*, viewed in light of the Circuit's construction of the statutory language, mandated the conclusion that "[a]llowing a second suit to proceed on the charge would emasculate the [intervention] provision." *See id.* There, of course, the EEOC's action was limited in scope to the two individuals who had already filed private actions. Thus, the EEOC's right to participate in the private suits of those individuals was limited by the intervention provision of section 706(f)(1). The facts presented here are quite different. Allowing the EEOC to file an independent action here would not render superfluous the intervention provision of section 706(f)(1). In fact, the intervention provision does not even seem applicable. In other words, the intervention provision speaks to the EEOC's right to *participate* in the private action of the individual who filed the discrimination charge. *See id.;* 42 U.S.C. § 2000e–5(f)(1). Here, the EEOC is not attempting to participate in Ms. Meek's suit. In fact, the EEOC is not seeking relief for Ms. Meek at all.[3] Instead, the EEOC

seeks relief for six other individuals—none of whom have filed a charge of discrimination.

This conclusion is further supported by other aspects of the *Continental Oil* decision. In reaching its decision, the Tenth Circuit also noted that "the persuasive authority for reading the statute to bar EEOC suit after the charging party has sued has been the legislative history demonstrating a concern on the part of Congress for the possibility of duplicitous proceedings for relief." *See id.* at 890. This concern for duplicitous lawsuits is rational when the EEOC's action parallels that of the charging party, raising no substantially different issues and seeking no relief other than for the charging party. An entirely different situation is presented here, and one not addressed by the Circuit in *Continental Oil.* Unlike *Continental Oil,* the EEOC here seeks relief for six individuals and any other female driver managers not presently known to the EEOC. None of those named individuals has previously filed an individual action. In other words, the EEOC's complaint differs significantly from Ms. Meek's complaint both in terms of the scope of concern and the extent of relief sought. Thus, it would not be duplicitous to allow both suits to proceed, although consolidation may be appropriate. Stated another way, the mere fact that Ms. Meek filed a lawsuit against defendant obviously would not preclude other employees from filing private suits against defendant for the same alleged unlawful conduct. Because private suits would not be precluded, the EEOC should not be precluded from bringing an action on behalf of other individuals subjected to the same alleged unlawful conduct. In short, defendant's motion to dismiss the EEOC's complaint is denied.

In any event, even if the court were to conclude that *Continental Oil* mandates the dismissal of the EEOC's Title VII

---

**3.** To reiterate, the issue of whether the EEOC may properly file a suit based on Ms. Meek's charge of discrimination without seeking any relief for Ms. Meek (and, instead, seek relief for other individuals—none of whom have filed a charge) has not been raised by the defendant. *See supra* note 2.

claims, *Continental Oil* (and its interpretation of section 706(f)(1)) has no bearing on the EEOC's Equal Pay Act claims. Although defendant urges that the EEOC's Equal Pay Act claims should be dismissed for purposes of "judicial economy" (assuming, of course, that the court dismissed the EEOC's Title VII claims), the court has uncovered no case law supporting this assertion. In fact, the court has uncovered no cases in which a court specifically addressed whether a private suit under the Equal Pay Act precludes the EEOC from filing an independent suit. The court, however, has found two cases addressing whether private suits under the ADEA (a statute with enforcement procedures analogous to the Equal Pay Act) limit the EEOC in any subsequent suit. *See EEOC v. G–K–G, Inc.*, 39 F.3d 740, 744 (7th Cir.1994) (Posner, J.); *EEOC v. Wackenhut Corp.*, 939 F.2d 241 (5th Cir.1991). Both of these cases held that the EEOC is not restricted to intervention in a private ADEA suit but may bring its own duplicative suit, primarily because, unlike Title VII, the ADEA does not specifically mention EEOC intervention in pending private suits. As explained by Judge Posner:

> Not only has the Commission an unequivocal right to sue to enforce the age-discrimination law, but the right of the individual employee to bring such a suit "shall terminate upon the commencement of an action by the Equal Employment Opportunity Commission to enforce the right of such employee." 29 U.S.C. § 626(c)(1).

*G–K–G, Inc.*, 39 F.3d at 744. As noted above, the ADEA's enforcement procedures are analogous to those found in the Equal Pay Act. Section 626(c)(1) of the ADEA, along with most of the other remedial and procedural provisions of the ADEA, was taken from the Fair Labor Standards Act. *See Lorillard v. Pons*, 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978). The Equal Pay Act is simply an amendment to the Fair Labor Standards

Act. Thus, like the ADEA, section 216(b) of the Fair Labor Standards Act does not mention EEOC intervention in pending private suits and, in fact, appears to give the Secretary of Labor the unequivocal right to enforce its provisions, including section 206.[4] Certainly, then, an argument could be made that Ms. Meek's private suit would not preclude the EEOC from filing an independent action under the Equal Pay Act.

The court need not definitively decide this issue today. Suffice it to say that defendant has offered no compelling arguments and no authority to support its position that the EEOC's Equal Pay Act claims should be dismissed. In fact, defendant did not even raise the Equal Pay Act issue until its reply brief—after the EEOC addressed the issue in its response to defendant's motion. In light of these circumstances, the court is not prepared to dismiss the EEOC's Equal Pay Act claims.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to dismiss plaintiff's complaint (doc. # 6) is **denied.**

**IT IS SO ORDERED.**

---

4. Acting under the authority delegated to him under the Reorganization Act of 1977, 5 U.S.C. §§ 901–912, President Carter in 1978 transferred the federal government's authority to enforce the Equal Pay Act from the Secretary of Labor to the EEOC.