133 F.3d 926
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jean Michael ERRECART; Catrine Errecart; Michelle F.
Jackson; Joann Bradford; Robert Barnett; Mona Barnett;
Louise R. Walters; Jackie Decker; Lavern Decker; Gil-Bert
Wiekel; Sam Dehne; Irene Whaley; M.V. Tabat; Donna
Traver, Plaintiffs-Appellants,
v.
DEPARTMENT OF TRANSPORTATION, National Transportation Safety
Board; Airport Authority of Washoe County; Federal
Aviation Administration; Board of Trustees of the Airport
Authority of Washoe County, Defendants-Appellees.
 No. 96-17291.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 10, 1997.
Decided Jan. 13, 1998.
 
 Before: BRIGHT,** FLETCHER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jean Michel Errecart and other homeowners appeal the district court's dismissal of their action against the Department of Transportation, the Federal Aviation Administration, the Airport Authority of Washoe County, its board of trustees, and its chairman. We have jurisdiction under 28 U.S.C. § 1291. We affirm the dismissal of the complaint because none of the appellants' claims are ripe.[1]
 
 
 3
 "The Ninth Circuit uses two factors to determine whether a controversy is ripe for judicial review: the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." Acura of Bellevue v. Reich, 90 F.3d 1403, 1408 (9th Cir.1996), cert. denied, 117 S.Ct. 945 (1997). More specific to this case, we have held that "[w]hether an agency action is fit for judicial review depends on whether the agency action represents the final administrative work; finality must be interpreted in a pragmatic aid flexible manner to ensure that judicial review does not interfere with the agency's decision-making process." Id. (citation omitted). "The fitness element requires that the issue be primarily legal, need no further factual development, and involve a final agency action." Dietary Supplemental Coalition, Inc. v. Sullivan, 978 F.2d 560, 562 (9th Cir.1992) (citation omitted).
 
 
 4
 The Airport Authority clearly intends to attempt to relocate the Nevada Air National Guard to the Southwest Acquisition Area, as evidenced by the commissioned study and the Memorandum of Understanding with the Guard. However, the Airport Authority is not yet required to submit noise exposure maps or an environmental impact statement to the FAA because the proposal to relocate the Guard has not yet been finalized. More importantly, there has been no federal agency action. Without a "final agency action," there is nothing for the court to review. After the Airport Authority submits the appropriate environmental reports to the FAA, any final action by the FAA will be reviewable in federal court. Until then, any challenge to a speculative possibility of future agency action is untimely and therefore not ripe for judicial review.[2]
 
 
 5
 Because we affirm the dismissal of the complaint on ripeness grounds we do not reach the district court's reasoning with regard to the appellants' second claim for relief that it is "fundamentally flawed" because district courts lack jurisdiction over challenges to FAA actions under the National Environmental Policy Act's environmental impact statement requirements. We note, however, that we do not necessarily agree that this is a correct statement of the law. See, e.g., Burbank Anti-Noise Group v. Goldschmidt, 623 F.2d 115 (9th Cir.1980); Matsumoto v. Brinegar, 568 F.2d 1289 (9th Cir.19.8); Friends of the Earth, Inc. v. Coleman, 518 F.2d 323 (9th Cir.1975). The ultimate resolution of this issue will have to wait for another day.
 
 
 6
 AFFIRMED.
 
 
 
 **
 Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We may affirm on any bases supported by the record. Papike v. Tambrands, Inc., 107 F.3d 737, 744 (9th Cir.), cert. denied, 118 S.Ct. 166 (1997)
 
 
 [2]
 As to the appellants' claim that the Airport Authority is engaging in unlawful condemnation proceedings, that claim, too, is unripe. The Airport Authority has condemned no property. The appellants have not specifically challenged the district court's dismissal of this claim on appeal. However, because the appellants appealed the district court's entire order in their notice of appeal, we note here that the district court correctly dismissed this claim as well