THIRSTY'S, INC., Plaintiff,

v.

UNITED STATES DEPARTMENT OF
LABOR, et al., Defendants.

Civil Action No. H97–4229.

United States District Court,
S.D. Texas,
Houston Division.

July 7, 1999.

Sara Welch, Vinson & Elkins, Houston, TX, for plaintiff.

Anthony Wei Chun Hong, Office of U.S. Attorney, Houston, TX, for defendants.

### AMENDED ORDER

GILMORE, District Judge.

Pending before the Court are Plaintiff's Motion for Summary Judgment (Instrument No. 14) and Defendants' Motion for Summary Judgment (Instrument No. 15). Having considered the applicable law and the submissions of the parties, the Court finds that the Plaintiff's motion should be **DENIED** and that the Defendants' motion should be **GRANTED**.

### I.

Plaintiff Thirsty's, Inc. ("Thirsty's") brings this action against Defendants United States Department of Labor ("DOL"), and John R. Fraser [1], Deputy Administrator, Wage and Hour Division, Department of Labor, seeking judicial review of a decision by the Administrative Review Board ("ARB") of the DOL pursuant to the Administrative Procedure Act, 5 U.S.C. § 704. Thirsty's seeks declaratory and injunctive relief, and asks that the decision of the Administrative Law Judge ("ALJ") be reinstated.

Thirsty's is a small retail business that sells frozen non-alcoholic beverages. The company has approximately 13 locations and operates stores and pushcarts in shopping malls throughout the Houston area.

From December 1989 to December 1991, the Wage and Hour Division of the DOL investigated Thirsty's employment of teenagers. The DOL found that Thirsty's employed 32 minors between the ages of 14 and 16 years on approximately 400 occasions in violation of the child labor provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* The DOL assessed a civil monetary penalty against Thirsty's in the amount of $10,-497.50.[2] In assessing this penalty, the investigator employed the Child Labor Civil Monetary Penalty Report ("Form WH–266"), which utilizes a penalty schedule. Thirsty's challenged the amount of the monetary penalty, claiming the penalty was not appropriate because in relying solely on Form WH–266, the DOL failed to consider mandatory factors set out in the implementing regulations. The dispute was heard by an ALJ, who determined that use of Form WH–266 denied due process because it failed to take into account the regulatory factors; that the investigator failed to consider these regulatory factors; and that the penalty imposed was excessive. The ALJ reduced the penalty by seventy-five (75%) percent, resulting in a fine of $2624.38. The DOL accordingly appealed the ALJ's decision to the ARB. The ARB found that use of Form WH–266 was appropriate and did not violate due process because the form considered all the mandatory regulatory factors. The ARB modified the penalty with a twenty-five (25%) percent reduction, and ordered Thirsty's to pay a penalty of $7873.12. Thirsty's accordingly filed this action, asking the court to reinstate the ALJ's decision.

---

**1.** Defendants have informed the Court that Maria Echaveste is no longer the Wage and Hour Administrator, and no successor has yet been named. (Defendants' Response to Plaintiff's Motion for Summary Judgment, Instrument No. 21, n. 1). Accordingly, John R. Fraser, Deputy Administrator of the Wage and Hour Division, should be substituted as a party. Fed.R.Civ.P. 25(d)(1).

**2.** The penalty, as originally assessed by the investigator, was $11,092.50. However, when Thirsty's received the letter from the DOL informing it of the violations and the assessment, the penalty listed was $10,497.50. The DOL did not seek to assess the larger penalty, and so the ALJ and the ARB used the $10,497.50 assessment in their calculations.

## II.

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56. A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Anderson*, 106 S.Ct. at 2510. If the evidence rebutting the motion for summary judgment is only colorable or not significantly probative, summary judgment should be granted. *Anderson*, 477 U.S. at 250, 106 S.Ct. 2505; *see Lewis v. Glendel Drilling Co.*, 898 F.2d 1083, 1088 (5th Cir. 1990), *cert. denied*, 502 U.S. 857, 112 S.Ct. 171, 116 L.Ed.2d 134 (1991). The summary judgment procedure, therefore, "enables a party 'who believes there is no genuine issue as to a specific fact essential to the other side's case to demand at least one sworn averment of that [specific] fact before the lengthy process of litigation continues.' " *Microsoft Corp. v. CMOS Tech., Inc.*, 872 F.Supp. 1329, 1334 (D.N.J. 1994) (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)).

Under Rule 56(c), the moving party bears the initial burden of informing the district court of the basis for its belief that there is an absence of a genuine issue for trial, and for identifying those portions of the record that demonstrate such absence. *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Leonard v. Dixie Well Serv. & Supply, Inc.*, 828 F.2d 291, 294 (5th Cir.1987).

Where the moving party has met its Rule 56(c) burden, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts ... [T]he nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial.*' " *Matsushita*, 475 U.S. at 586–87, 106 S.Ct. 1348 (quoting FED.R.CIV.P. 56(e)) (emphasis in original); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Leonard*, 828 F.2d at 294. To sustain the burden, the nonmoving party must produce evidence admissible at trial. *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505; *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir.1992) ("To avoid a summary judgment, the nonmoving party must adduce admissible evidence which creates a fact issue...."). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505.

## III.

The FLSA does not expressly authorize or preclude judicial review of final agency decisions. Thirsty's appealed the decision of the Wage and Hour Administrator to an ALJ at the Department of Labor. *See* 5 U.S.C. § 556(b)(3). "[T]he exercise of an optional appeal to the Department ALJ renders the initial Administrator's decision nonfinal for purposes of judicial review under the APA." *Acura of Bellevue v. Reich*, 90 F.3d 1403, 1407 (9th Cir.1996) (FLSA child labor provisions case). The DOL then appealed the ALJ's decision to the DOL's Administrative Review Board. *See* 5 U.S.C. § 557. Accordingly, pursuant to § 10(c) of the Administrative Procedure Act ("APA"), the final decision of the ARB, an administrative agency, is subject to judicial review. 5 U.S.C. § 704. The reviewing court may only set aside the agency's findings or actions which are "arbitrary and capricious, an abuse of discretion." 5 U.S.C § 706(2)(A). In addition, because the case was heard by an ALJ and the ARB reviewed the administrative record in reaching its decision pursuant to § 556 and § 557, the court may set aside the agency's

findings or actions if they are "unsupported by substantial evidence." § 706(2)(E).

## IV.

 The child labor provisions of the FLSA were enacted to ensure that the children's employment will not physically harm them or interfere with their schooling. 29 U.S.C. § 203(*l*). The Secretary of Labor implemented several regulations which specifically delineate the number of allowable work hours during a day or week for children under 16, restrict the number of hours between certain times of the day, and consider whether the child works during the school year or during summer vacation. 29 C.F.R. § 570.35. Compliance officers from the Wage and Hours Administration of the DOL investigate organizations that employ children, such as Thirsty's, to ensure compliance with the child labor provisions. If compliance officer finds violations, a civil monetary penalty may be assessed. In assessing these penalties, the DOL uses a schedule of penalties in Form WH–266. The form lists the possible violations of the child labor provisions and assigns a dollar value to each violation. The investigator has the discretion to compute the number of violations based on the number of minors employed in violation of the provisions or on the number of times a violation occurred for each minor. (Instrument No. 20, n. 8, AR0220).

Thirsty's was investigated by compliance officer Ernestine B. Dennis ("Dennis") between December 1989 and December 1991. Dennis found 34 "hours violations" in the employment of 14 and 15 year olds, and in one instance, the employment of an underage child (13 years old). (Plaintiff's Motion for Summary Judgment, Instrument No. 14, Govt. Exh. 3, AR0189–0191) ("Plaintiff's Motion"). Dennis calculated a fine of $13,050, then factored in a 15% reduction because Thirsty's employs fewer than 100 employees, for a total of $11,092.50.[3]

As noted by the ALJ, Thirsty's does not dispute the violations, so the Court need not determine if the decision to impose penalty was arbitrary or capricious or unsupported by substantial evidence. Rather, Thirsty's disputes the manner in which the penalty was calculated, and consequently argues the fine imposed was excessive and arbitrary and capricious. Thirsty's argues that first, neither Dennis nor the ARB considered mandatory factors under DOL regulations in calculating the penalty. (Plaintiff's Motion, Instrument No. 14, at 5). Second, Thirsty's contends that use of Form WH–266 was arbitrary and capricious because the form does not consider the factors required by DOL regulations in calculating a penalty. (*Id.* at 7). Third, Thirsty's alleges the DOL may not rely upon Form WH–266 to assess penalties because it was not issued for notice and comment as required by the APA, and consequently is not a binding regulation. (*Id.* at 11). Accordingly, Thirsty's asks the Court to reinstate the ALJ's decision as to the decreased penalty, and enjoin further use of Form WH–266.

The DOL, in turn, argues that the ARB's decision is entitled to deference, because the ARB gave consideration to the statutory and regulatory factors in making its decision, which is supported by substantial evidence. (Defendants' Motion for Summary Judgment, Instrument No. 15, at 9) ("Defendants' Motion"). Furthermore, the DOL claims that the APA does not require Form WH–266 to be promulgated through notice and comment because it is not a binding norm. (*Id.* at 15).

## V.

 In considering Thirsty's allegations, the Court will examine Form WH–266 to determine if it incorporates the regulatory factors, and whether the compliance officer and ARB were wrong to rely on the form in making the penalty assessment.

___
**3.** *See* note 2, *supra.*

Thirsty's argues that use of Form WH–266 to assess penalties is arbitrary and capricious because it fails to give "adequate consideration" to certain regulatory factors which guide the assessment of a penalty. (Plaintiff's Motion, Instrument No. 14, at 7). The Secretary of Labor promulgated express regulatory factors that must be taken into consideration when assessing a penalty imposed for violation of the child labor provisions of the FLSA. These regulations provide in relevant part that the penalty "*shall* be based on the available evidence of the violation or violations and *shall* take into consideration the size of the business of the person charged and the gravity of the violation as provided in paragraphs (b) through (d) of this section." 29 C.F.R. § 579.5 (emphasis added). Thirsty's contends that the DOL relied exclusively on the form, which fails to consider the factors. (*Id.*). Defendants argue that Form WH–266 does in fact incorporate the regulatory factors in its penalty schedule. (Defendants' Motion, Instrument No. 15, at 9). The ALJ found Form WH–266 was "a boilerplate form" which denied "due process guaranteed to each individual employer by the applicable regulations." (Instrument No. 14, Exh. 2, at 15). Consequently, the Court will examine the form to determine if the regulatory factors are incorporated.

The regulation at issue, 29 C.F.R. § 579.5(d), gives the DOL the discretion to not impose a penalty at all if the violation is "de minimus," or to reduce the penalty if the evidence shows that the employer had no previous history of violation, that the violations were not intentional or reckless, whether the employer gives credible assurances of future compliance, and whether a monetary penalty is necessary to achieve the objectives of the FLSA 29 C.F.R. § 579.5(d). The regulations speedy that "whether the evidence shows that the violation is 'de minimus' " "shall be further determined where appropriate." § 579.5(d)(1). Part A of the form asks the compliance officer to determine whether the violations are de minimus, and therefore whether a penalty should be assessed at all. (Instrument No. 14, AR 0189). The ·Form lists six factors for consideration: whether child labor law compliance was assured by the employer; whether child labor violations are recurring; if the employer's knowledge of the child labor laws was documented; whether employment under legal age occurred; whether serious injury, disability, or death occurred; and whether more than one minor was involved. The ALJ agreed with the compliance officer's determination that Thirsty's violations were not de minimus, because of the significant amount of children involved, the number of violations, and the fact that an underage minor (age 13) was involved. (Instrument No. 14, Exh. 2. ALJ's Decision, at 13). Thus the form itself permitted compliance with the regulations, and it is clear Dennis took the above-listed factors into account in calculating the penalty.

The regulations also require the investigator to consider the gravity of the violation, taking into account the employer's history of prior violations, the employer's willfulness or failure to take reasonable precautions, the number of minors illegally involved, the age of the minors employed, the minors' occupations and their exposure to hazards, the duration of the illegal employment, and the hours of the day and whether school was in session. 29 C.F.R. § 579.5. Part B[4] of Form WH–266 takes into account the number of minors illegally employed, whether the occupation is agricultural or non-agricultural, the seriousness of the violation, the age of the minor, whether the violation was due to age or hours worked, whether or not death, disability, or other serious injury occurred,

---

4. Part B(1) contains the penalty schedule for violations occurring before November 5, 1990, when the maximum penalty per violation was $1000. Part B(2) contains the penalty schedule for violations occurring after November 5, 1990, for which the maximum penalty per violation is $10,000.

and whether the employer kept records of the minors' employment.

The instructions for Part B further require the compliance officer to multiply the penalty in a certain category depending upon certain factors which take into account willfulness of the violation: whether the employers' knowledge of the child labor requirements was documented; whether the employer is already under an injunction for violations of the child labor laws; falsification or concealment of child labor violations; whether the employer has a prior history of violations; and finally, failure to assure the DOL of future compliance with the laws. In addition, the officer has the discretion to assess penalties for the duration of illegal employment based on each occurrence of the violation or the number of minors involved. Therefore Form WH–266 requires the investigator to take these factors into account.

Section 579.5(b) of the regulations provides that the DOL must take the size of business into account in assessing a penalty, considering the number of employees, dollar volume of sales, and amount of capital investment and financial resources. 29 C.F.R. § 579.5(b). Part C of Form WH–266 allows the officer to reduce the penalty by fifteen (15%) percent if the business has less than 100 employees, which was the case here.

After examining the various regulatory factors and applying them to Thirsty's, the ALJ found that Form WH–266 was "a boilerplate form which cannot account for [differing] circumstances ... imposing the same fines for violations which occur under drastically different situations." (Instrument No. 14, Exh. 2, at 15). However, as the previous analysis of the form demonstrates, Form WH–266 does take into account the regulatory factors in assessing a penalty. Although the form does not appear on its face to allow a consideration of dollar volume of sales or capital investment and financial resources as required by the statute, the Court agrees with the ARB's finding that this omission was

harmless. The ARB held that "[a]ny error committed by not evaluating the other factors set out in subsection (b) was harmless because the Administrator found Thirsty's to be eligible for the appropriate reduction. It is important to note that the initial determination of the investigator on Form WH–266 is subject to review and may be modified by the District Director." (Instrument No. 15, Exh. 2, Decision of ARB, at 5). The Court agrees with the ARB's finding that this omission was harmless because the compliance officer's initial assessment is subject to review and modification by the District Director before assessment.

Moreover, the Court agrees with the ARB that Form WH–266 is merely a starting point in assessing a penalty for child labor violations. (Instrument No. 15, Exh. 2, at 5). The penalty assessment calculated after completing the form is not a final, binding assessment; it is in fact an initial calculation that may be modified by the District Director, an ALJ, or the ARB. That is exactly what occurred in this case. Upon review by the ALJ, the initial assessment by the Director was reduced by seventy-five (75%) percent. On appeal, the ARB considered the record below and the ALJ's order. Although the ARB affirmed the ALJ's authority to review and modify the Wage and Hour Administrator's penalty assessment, it modified the ALJ's penalty reduction. The ARB felt that the seventy-five (75%) percent reduction, which resulted in a penalty of $80 per child, was "not appropriate for an egregious work situation where some children were subjected to multiple violations over a period of months." (Instrument No. 15, Exh. 2, at 6). Accordingly, the ARB reduced the original assessment by twenty-five (25%) percent.

The ARB's decision was not arbitrary or capricious, or unsupported by substantial evidence, and is entitled to deference. Like the ARB, the Court finds that Form WH–266 incorporates the mandatory regulatory factors into its penalty schedule, and

consequently is appropriately utilized to calculate penalties for child labor violations. The Court also finds that the compliance officer who inspected Thirsty's gave adequate consideration to these factors in assessing Thirsty's penalty.[5] The Court finds that the ARB's decision should stand.

## VI.

Accordingly, Thirsty's motion for summary judgment is **DENIED,** and Defendants' motion for summary judgment is **GRANTED.**

The Clerk shall enter this Order and provide a copy to all parties.

---

5. Thirsty's argues that the use of Form WH–266 to assess penalties is not appropriate because it is not a binding rule. Thirsty's claims that because the DOL did not follow the proper procedure under the APA for issuing such a rule, it cannot be binding regulation. (Plaintiff's Motion, Instrument No. 14, at 11). In order to promulgate a binding rule, the agency must issue a proposed form of the rule, invite comments from the public, and consider the comments in issuing the final rule. 5 U.S.C. § 553. Thirsty's accuses the DOL of trying to hide its penalty calculation system, focusing on an instruction on Form WH–266 which states " DO NOT GIVE THIS FORM TO EMPLOYERS." (Plaintiff's Motion, Instrument No. 14, at 11).

The Court need not address this argument, for as discussed, Form WH–266 incorporates the regulatory factors in assessing a penalty. These regulatory factors have already been subject to the notice and comment procedure before being promulgated. Even if the Court were to give credence to Thirsty's objections, the form cannot be considered a binding norm because it grants the compliance officer discretion in assessing the penalty. Thirsty's itself argues that the regulatory factors allow a compliance officer to make an individualized assessment of the violations. If the factors have been incorporated into the form, the compliance officer is thus able to exercise some discretion in assessing the penalty.