Hannah JONES, an infant who sues by her father, John R. Jones, as next friend, Plaintiff,

v.

AMERICAN WINDOW CLEANING COR-PORATION, a corporation, Defendant.

Civ. A. No. 3859.

United States District Court
E. D. Virginia,
Norfolk, Division.

Sept. 7, 1962.

Jordan, Dawley & Holt, Leonard W. Holt, Norfolk, Va., for plaintiff.

Kramer, Stackhouse & Weinberg, Jerrold G. Weinberg, Norfolk, Va., for defendant.

WALTER E. HOFFMAN, Chief Judge.

Plaintiff, alleging that she was an employee of defendant between January 2, 1960, and January 10, 1961, instituted this action on March 1, 1962, seeking the recovery of unpaid minimum wages, liquidated damages and attorney's fees,

* See 8 U.S.C.A. § 1440 (a–c).

allegedly due by reason of violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

On February 19, 1962, the Secretary of Labor filed his complaint against the defendant in this court. The complaint, while requesting injunctive relief, specifically names approximately 135 employees, including the plaintiff Hannah Jones, as parties for whom a restraint is sought of any further delay in the payment of unpaid minimum wages and/or unpaid overtime compensation. The action by the Secretary of Labor was filed pursuant to 29 U.S.C. § 217, as amended by Pub.L. 87–30, May 5, 1961, 75 Stat. 74.

Defendant has filed a motion to dismiss the separate action instituted by Hannah Jones. As noted, it was filed approximately ten days following the commencement of an action by the Secretary of Labor under 29 U.S.C. § 217.

On May 5, 1961, Congress amended the Fair Labor Standards Act, effective 120 days thereafter. 75 Stat. 74, Pub.L. 87–30. Prior to this amendment the aggrieved employee could maintain an action against his employer in his own name and in behalf of other employees similarly situated, but the written consent of all employees becoming a party plaintiff was required to be filed in the court in which the action was brought. Provisions were made for liquidated damages and attorney's fees in these privately maintained actions. Moreover, the Secretary of Labor was authorized to file an action in behalf of any aggrieved employees, subject to certain conditions not herein pertinent, upon the filing of a written request by the employee. The consent of the employee to the institution of the action by the Secretary of Labor constituted a waiver by the employee of any right of action he may have had for unpaid minimum wages, unpaid overtime compensation and liquidated damages. However, as the Act stood prior to the 1961 amendment, the Secretary could request liquidated damages but no attorney's fees. Under 29 U.S.C. § 217, as it existed prior to the amend-

ment, the district courts had jurisdiction to restrain violations of 29 U.S.C. § 215, but in any such action brought by the Secretary of Labor the district courts were without jurisdiction to order the payment to employees of unpaid minimum wages, unpaid overtime compensation and liquidated damages. Thus, under the former Act, the Secretary of Labor was faced with certain alternatives. He could (1) maintain an action to restrain violations of 29 U.S.C. § 215 and disregard any request for payment by the employer, or (2) leave the employees to their separate rights, or (3) institute an action to recover the claims of the employees upon their written consent being filed with the Secretary.

Difficulties were encountered by reason of the requirements as to written consent or written request. Repercussions against the employees filing a written consent in court or a written request to sue with the Secretary of Labor were bound to occur. The effective administration of the Act was seriously handicapped as employers were frequently willing to risk actions by the employee or the Secretary of Labor. Employers knew that only a comparatively few of the employees would run the risk of job security.

By amending 29 U.S.C. § 216(b), an aggrieved employee may still maintain an action in his own name and in behalf of other employees similarly situated but such employee or any party plaintiff must file his written consent with the court. Congress then amended § 216(b) as follows:

"The right provided by this subsection to bring an action by or on behalf of any employee, and the right of any employee to become a party plaintiff to any such action, shall terminate upon the filing of a complaint by the Secretary of Labor in an action under section 217 of this title in which restraint is sought of any further delay in the payment of unpaid minimum wages, or the amount of unpaid overtime compensation, as the case may be, owing to

such employee under section 206 or section 207 of this title by an employer liable therefor under the provisions of this subsection."

To provide for an appropriate remedy Congress similarly amended 29 U.S.C. § 217 to read:

"The district courts * * * shall have jurisdiction, for cause shown, to restrain violations of section 215 of this title, including in the case of violations of section 215(a) (2) of this title the restraint of any withholding of payment of minimum wages or overtime compensation found by the court to be due to employees under this chapter (except sums which employees are barred from recovering, at the time of the commencement of the action to restrain the violations, by virtue of the provisions of section 255 of this title)."

It will be observed that whenever the Secretary of Labor files an action under § 217 no written request is required and, furthermore, the remedy under § 217 does not extend to the allowance of liquidated damages.

The plaintiff Hannah Jones contends that the Secretary is without authority to include her name within the group for whom relief is sought under § 217 as she has never requested the Secretary to take such action. She further argues that, if it is no longer necessary for her to file a written request with the Secretary, she is being deprived of vested property rights contrary to the Constitution. Both positions are untenable.

■■ A statutory right is not a property right which is subject to constitutional guarantees. Statutory rights may be withdrawn by Congress at any time before ripening into final judgment. United States ex rel. Rodriquez v. Weekly Publications, 2 Cir., 144 F.2d 186; Burfeind v. Eagle-Picher Co., D.C., 71 F.Supp. 929; Western Union Telegraph Co. v. Louisville & Nashville R. R. Co., 258 U.S. 13, 42 S.Ct. 258, 66 L.Ed. 437; Maryland, for use of Washington County v. Baltimore & Ohio R. R. Co., 3 How. 534, 11 L.Ed. 714; Norris v. Crocker, 13 How. 429, 14 L.Ed. 210; In re Hall, 167 U.S. 38, 17 S.Ct. 723, 42 L.Ed. 69. It is of no consequence that plaintiff's claim accrued prior to the amendment of May 5, 1961. Congress could have destroyed all remedies in favor of aggrieved employees in the interim period.

■ While we think it clear from the reading of the statute that it is no longer incumbent upon the Secretary of Labor to obtain written requests from employees when the action is maintained under § 217, we need only look at the legislative history to prove the point. 1961 U. S. Code, Cong. and Adm. News, pp. 1620, 1659. See comments of Secretary Goldberg before the Senate Sub-committee on Labor, March 1, 1961, p. 93. As stated in the report of the Senate Committee at p. 39:

"Section 16(b) of the present act contains a provision allowing an employee to bring an action on his own against his employer or former employer for the amount of wages due him, plus an equal amount as liquidated damages. Very few of these suits have been brought by employees under section 16(b) of the act and of the few that have been brought most are initiated by individuals no longer in the employ of the defendant employer. Under the amendments, however, filing of a complaint by the Secretary, pursuant to the new authority given him to initiate such injunction suits without formal requests from employees, terminates the rights of individuals to later file a suit for compensation and liquidated damages under 16(b). This would then relieve the courts and employers of the burden of litigating a multiplicity of suits based on the same violations of the act by an employer. Once suit is instituted by the Secretary, the courts are authorized to require payment of all minimum wages and overtime compensation found due and unpaid. They are

924

not, however, authorized to require payment of an additional amount as liquidated damages."

The foregoing discussion compels the dismissal of this action without prejudice to such rights as the plaintiff may have through the action instituted by the Secretary of Labor under 29 U. S.C. § 217. Counsel for defendant will prepare and present, after endorsement by plaintiff's counsel, an appropriate order of dismissal.