Alexis M. HERMAN, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

EXCEL CORPORATION, Defendant.

No. 98–3164.

United States District Court,
C.D. Illinois,
Springfield Division.

Feb. 9, 1999.

Leonard A. Grossman, David Martin Kahn, Chicago, IL, for plaintiff.

Frederick P. Velde, Springfield, IL, Brett G. Rawitz, Chicago, IL, Robert D. Overman, Wichita, KS, for defendant.

## OPINION

RICHARD MILLS, District Judge.

The Secretary of Labor has filed an enforcement action against an employer for alleged violations of the Fair Labor Standards Act.

May an employer file a counterclaim, in that enforcement action, against the Secretary of Labor?

The employer may, pursuant to the Administrative Procedure Act, if the Secretary of Labor's action constitutes a final agency action.

## I. BACKGROUND

The United States Secretary of Labor ("the Secretary"), acting in her official capacity, has filed the instant enforcement action against the Excel Corporation for violations of the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 201 *et seq.* Based upon a new interpretation of the FLSA, the Secretary has alleged that Excel violated the FLSA by failing to compensate its employees for all of their hours of employment including, but not limited to, time spent donning, doffing, and cleaning personal protective equipment. Although Excel owns several meat processing plants, the Secretary has chosen to bring an enforcement action only against Excel's Beardstown, Illinois, processing plant.

Because the Secretary has limited her enforcement action to only one of its processing plants, Excel seeks a declaratory judgment so that it may obtain a ruling which will be applied consistently to all of its meat processing plants covered by its collective bargaining agreements. Excel believes that a counterclaim best achieves this result with no increased burden upon the Court. Accordingly, on December 2, 1998, Excel filed a motion for leave to file an amended Answer and a Counterclaim for declaratory relief. The next day, Excel filed a similar motion asking for leave to file its Answer and Counterclaim *instanter.*

Although the Secretary does not object to Excel's motions for leave to file a First Amended Answer, the Secretary does object to Excel's motions for leave to file a Counterclaim. The Secretary argues that Excel's Counterclaim for declaratory relief is barred by the principle of sovereign immunity. In addition, the Secretary as-

serts that this Court lacks subject matter jurisdiction over Excel's Counterclaim.

Excel argues that sovereign immunity does not bar its Counterclaim because the 1976 amendments to the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, eliminated the Government's defense of sovereign immunity in declaratory judgment actions. Furthermore, Excel claims that this Court has subject matter jurisdiction over its Counterclaim based upon supplemental jurisdiction (28 U.S.C. § 1367), original subject matter jurisdiction (28 U.S.C. § 1331), and/or jurisdiction over statutes regulating commerce (28 U.S.C. § 1337).

## II. ANALYSIS

Although the Secretary's sovereign immunity and subject matter jurisdiction arguments are somewhat intertwined, the Court will consider them separately for purposes of ruling upon Excel's motions.

### A. *SUBJECT MATTER JURISDICTION*

█ Contrary to its argument, none of the statutes cited by Excel provide an independent basis for jurisdiction allowing it to file a Counterclaim.[1] Title 28 U.S.C. § 1367 provides supplemental jurisdiction over pendent and ancillary claims in cases over which a federal district court already has subject matter jurisdiction. Title 28 U.S.C. § 1331 and § 1337 provide subject matter jurisdiction based upon actions arising under federal laws and actions arising under any act regulating commerce, respectively.

1. The Court will discuss below whether the APA confers subject matter jurisdiction over Excel's Counterclaim.

2. Excel has failed to cite the provision within the FLSA which allows it, as an employer, to bring a declaratory judgment action against the Secretary of Labor.

3. In addition, neither the Declaratory Judgment Act nor Title 28 U.S.C. §§ 1331, 1337, 1367 constitute or contain a waiver of the Government's sovereign immunity. *See*

█ Although the Court has jurisdiction over the Secretary's enforcement action, although the FLSA is a federal statute, and although the FLSA regulates commerce, the Act does not provide a cause of action for Excel's Counterclaim. The FLSA provides that employees and the Secretary of Labor may bring and maintain causes of action against an employer who is violating the Act; it does not provide for a declaratory judgment action by an employer against the Secretary of Labor.[2] 29 U.S.C. §§ 215, 216, & 217. Because the FLSA does not provide a cause of action for employers to sue the Secretary of Labor for declaratory relief, sections 1331, 1337, and 1367 provide no basis for Excel's Counterclaim.

### B. *SOVEREIGN IMMUNITY*[3]

Excel also argues that the Court has jurisdiction to consider its Counterclaim based upon its authority to review final agency actions under the APA. The Secretary, however, asserts that Excel's Counterclaim is barred by the principle of sovereign immunity.

█ Excel does not argue with the well-settled rule that a party may only sue the United States as a sovereign to the extent that it has consented to be sued by statute. *Lehman v. Nakshian,* 453 U.S. 156, 160, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981); *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Nor does Excel take issue with the principle that for the United States to waive its sovereign immunity and consent to be sued, it must do so unequivocally and

*Pershing Div. of Donaldson, Lufkin & Jenrette Securities Corp. v. United States,* 22 F.3d 741, 743 (7th Cir.1994), citing *Duke Power Co. v. Carolina Environmental Study Group, Inc.,* 438 U.S. 59, 71 n. 15, 98 S.Ct. 2620, 57 L.Ed.2d 595, (1978)(holding that § 1331 "does not waive the government's sovereign immunity to suit for compensation."); *see also Balistrieri v. United States,* 303 F.2d 617, 619 (7th Cir.1962)(holding that the Declaratory Judgment Act does not constitute a waiver of the Government's sovereign immunity).

explicitly by statute in order to confer jurisdiction. *Nakshian*, 453 U.S. at 160, 101 S.Ct. 2698, citing *Soriano v. United States*, 352 U.S. 270, 279, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957). Rather, Excel argues that the APA authorizes an action for declaratory judgment against the United States and that Congress waived the Government's claim of sovereign immunity in passing the 1976 amendments to the APA. 5 U.S.C. § 702.[4]

■ Excel is correct that, generally, "[t]he Administrative Procedure Act authorizes declaratory judgment actions[,] ... and an amendment to the APA in 1976 largely waives the sovereign immunity of the United States in equitable cases." *Wabash Valley Power Ass'n, Inc. v. Rural Electrification Admin.*, 903 F.2d 445, 452 (7th Cir.1990)(internal citation omitted); *Bowen v. Massachusetts*, 487 U.S. 879, 891–92, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988). Nevertheless, before a party may seek judicial review of an agency's decision under the APA, the agency's decision must be viewed as constituting a "final agency action." 5 U.S.C. § 704; *see Bell v. New Jersey*, 461 U.S. 773, 778, 103 S.Ct. 2187, 76 L.Ed.2d 312 (1983)(holding that "there is a strong presumption that judicial review is only available when an agency action becomes final ...."); *see also Acura of Bellevue v. Reich*, 90 F.3d 1403, 1406 (9th Cir.1996)(holding that final agency decisions regarding the FLSA are judicially reviewable). Here, although Excel does not explicitly so state, the Court believes that Excel is asserting that either the Department of Labor's December 3, 1997 opinion letter or the filing of the instant enforcement action constitute a final agency action authorizing it to file a Counterclaim pursuant to the APA.

*1. Filing the instant suit*

■ The United States Supreme Court has held that the filing of an administrative complaint by the Secretary of Labor does not constitute a "final agency action" under the APA. *Federal Trade Comm'n v. Standard Oil Co. of California*, 449 U.S. 232, 239–45, 101 S.Ct. 488, 66 L.Ed.2d 416 (1980). Nor does the initiation of an investigation constitute a final agency decision. *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir.1994). Moreover, the United States Court of Appeals for the Seventh Circuit has held that an agency's discretion in whether or not to prosecute a complaint is non-reviewable under the APA. *Board of Trade of the City of Chicago v. SEC*, 883 F.2d 525, 529–30 (7th Cir.1989); *National Labor Relations Bd. v. Sears, Roebuck & Co.*, 421 U.S. 132, 160, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975)(noting that an agency's decision to file a complaint does not constitute a final agency decision because it does not effect a final disposition but merely permits litigation); *see also Wohl Shoe Co. v. Wirtz*, 246 F.Supp. 821 (E.D.Mo.1965)(holding that whether the Secretary's determination regarding whether employers were entitled to an exemption under the FLSA was right or wrong would have to be determined in an action brought by the Secretary and not in actions brought by employers for declaratory judgment and that sovereign immunity would be a bar to declaratory judgment actions); *but see Dunlop v. Bachowski*, 421 U.S. 560, 566, 95 S.Ct. 1851, 44 L.Ed.2d 377 (1975)(holding that the Secretary's decision not to sue is not excepted from judicial review). Thus, the Secretary of Labor's decision to file the instant suit is non-reviewable by this Court and is not an independent basis

---

4. Title 5 U.S.C. § 702 provides in relevant part: "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party."

upon which to allow Excel to file its Counterclaim.

2. *December 3, 1997 opinion letter*

The United States Supreme Court has identified four factors which courts should consider in determining whether an agency's decision constitutes a final agency action: "First, whether the challenged action is a definitive statement of the agency's position; second, whether the actions have the status of laws with penalties for noncompliance; third, whether the impact on the plaintiff is direct and immediate; and fourth, whether immediate compliance was expected." *Taylor–Callahan–Coleman Counties Dist. Adult Probation Dep't v. Dole,* 948 F.2d 953, 958 (5th Cir.1991), citing *Abbott Labs. v. Gardner,* 387 U.S. 136, 150–52, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), *abrogated on other grounds, Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *Charter Fed. Sav. Bank v. Office of Thrift Supervision,* 976 F.2d 203, 208 (4th Cir.1992). In a more recent case, the Supreme Court opined:

> As a general matter, two conditions must be satisfied for agency action to be "final": First, the action must mark the "consummation" of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which "rights or obligations have been determined," or from which "legal consequences will flow."

*Bennett v. Spear,* 520 U.S. 154, 117 S.Ct. 1154, 1168, 137 L.Ed.2d 281 (1997). "The core question is whether the agency has completed its decisionmaking process, and whether the result of that process is one that will directly affect the parties." *Franklin v. Massachusetts,* 505 U.S. 788, 796–97, 112 S.Ct. 2767, 120 L.Ed.2d 636 (1992).

Excel argues that these factors establish that the December 3, 1997 opinion letter constitutes a final agency action. Therefore, Excel asserts that the Secretary's decision is subject to judicial review under the APA and entitles it to file a Counterclaim. Excel relies primarily upon *West-ern Illinois Home Health Care, Inc. v. Herman,* 150 F.3d 659 (7th Cir.1998), in support of its argument.

The Secretary argues that these factors establish that the December 3, 1997 opinion letter does not constitute a final agency action. Therefore, the Secretary claims that the letter is not subject to judicial review under the APA and does not provide grounds for allowing Excel to file a Counterclaim. The Secretary relies primarily upon *Taylor–Callahan–Coleman Counties Dist. Adult Probation Dep't v. Dole,* 948 F.2d 953 (5th Cir.1991), in support of her argument.

In *Western Illinois Home Health Care,* the Seventh Circuit found that a letter sent by an official in the Department of Labor's Wage and Hour Division to an employer constituted a final agency action because the letter was not tentative or interlocutory in nature and because legal consequences flowed from the letter. *Western Illinois Home Health Care,* 150 F.3d at 663. On the other hand, in *Taylor,* the Fifth Circuit found that a letter sent by an official in the Department of Labor's Wage and Hour Division to a requesting party did not constitute a final agency action because the letter set out no definitive statement regarding any Department of Labor's policy, because the letter did not have any direct impact upon the plaintiff, and because the letter did not require immediate compliance by the plaintiff. *Taylor,* 948 F.2d at 959.

■ In the instant case, the Court finds that the December 3, 1997 opinion letter is more akin to the letter in *Western Illinois Home Health Care* than to the letter in *Taylor.* As such, the Court finds that the letter constitutes a final agency action subject to judicial review under the APA, that the Government's grant of sovereign immunity has been waived under the APA, and that Excel is entitled to file a Counterclaim against the Secretary.

First, an individual with authority within the Department of Labor issued the opin-

ion letter.[5] *See National Automatic Laundry and Cleaning Council v. Shultz,* 443 F.2d 689, 692 (D.C.Cir.1971)(holding that a letter ruling by the Wage and Hour Administrator constitutes a final agency action subject to judicial review). Second, although the December 3, 1997 opinion letter is not directed to Excel and although its language may merely constitute an advisory opinion, the letter sent to Excel's counsel by the Secretary's counsel leaves no doubt that the policy enunciated in the December 3, 1997 opinion letter was going to be enforced in general and against Excel specifically. In that letter, the Secretary informed Excel that the matter had been referred for litigation, *i.e.,* if Excel did not comply with the Secretary's new policy explained in the December 3, 1997 opinion letter, the Secretary would file an enforcement action against it. The Secretary's counsel gave Excel's counsel 10 days to respond.

Thus, it is clear that Excel would be subjected to penalties if it did not comply with the December 3, 1997 opinion letter, not the least of which would be the costs of defending against an enforcement action. It is also clear that the impact upon Excel was direct and immediate, *i.e.,* if it did not respond within 10 days, litigation would ensue. Finally, it is clear that the Secretary fully expected Excel to immediately comply with the December 3, 1997 opinion letter or legal consequences would follow. Any doubt regarding the finality of this agency decision was removed by the Secretary filing the instant enforcement action.[6]

Accordingly, the Court finds that the combination of the Secretary's December 3, 1997 opinion letter, the Secretary's counsel's letter to Excel's counsel, and the filing of the instant enforcement action constitutes a "final agency action" subjecting the Secretary to judicial review under the APA. The Court also finds that the Congress waived the Government's grant of sovereign immunity in the APA, subjecting it to Excel's Counterclaim. Therefore, the Court finds that Excel should be allowed to file its Counterclaim.

*Ergo,* Defendant's Motion for Leave to File First Amended Answer to Complaint and Counterclaim for Declaratory Relief and Defendant's Motion for Leave to File First Amended Answer to Complaint and Counterclaim for Declaratory Relief *Instanter* are ALLOWED.

---

**5.** The Acting Administrator, Employment Standards Administration, Wage and Hour Division, issued the letter.

**6.** Notably, the Secretary's position regarding Excel's Counterclaim is belied by her statement in her response. Therein, the Secretary asserted: "In this enforcement proceeding, the court will necessarily decide all factual and legal questions pertaining to the alleged violations, giving Excel, in the course of its defense, an opportunity to challenge the agency's interpretation and application of the disputed statutory provision. It is in this enforcement proceeding that the Defendant must raise its challenges and arguments." It appears to the Court that Excel is doing just that. Excel is raising its challenges and argument in a Counterclaim. To the Court's knowledge, Excel has no other available administrative remedy, and a Counterclaim appears to be the most convenient mechanism by which to resolve the parties' dispute.