Marilyn **FLOYD**, Thomas Ireland, James L. Lamaster, Lekha Mayes, Dale M. Sheehan, Jr. Carol Trinkle, on their own behalf and all others similarly situated, Plaintiffs,

v.

**EXCEL CORPORATION, Defendant.**

No. 98–3177.

United States District Court, C.D. Illinois, Springfield Division.

June 10, 1999.

Charles Orlove, David S. Allen, Chicago, IL, Philip R. Russ, Amarillo, TX, for plaintiff.

Frederick P. Velde, Springfield, IL, Robert D. Overman, Jana D. Abbott, Wichita, KS, Alex V. Barbour, Joseph E. Tilson, Michael I. Leonard, Chicago, IL, for defendant.

## OPINION

RICHARD MILLS, District Judge.

Secretary of Labor files a suit against Excel to enjoin violations of the FLSA, and two weeks thereafter, Excel's employ-

ees file suit under § 216(b) for unpaid wages.

Does the FLSA allow employees to sue despite the Secretary's antecedent suit?

"Difference" may make all the difference.

Summary judgment denied in part.

## I. Background and Procedural History

Plaintiffs are employees of the Defendant Excel Corporation ("Excel") at its Beardstown, Illinois, facility. On July 29, 1998, Plaintiffs, on behalf of themselves and other employees who have filed and will file consents to join, filed this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), for unpaid wages and overtime pay. In their Complaint, they allege that Excel violated §§ 206 and 207 of the FLSA by failing to pay for certain compensable work they performed and that Excel violated §§ 211(c) and 215(a)(5) by failing to keep adequate employment records.

Approximately two weeks prior to Plaintiffs' filing this action, the Secretary of Labor ("Secretary") filed an action against Excel under § 217 seeking to enjoin violations of the FLSA at its Beardstown facility. That case, *Alexis M. Herman, Secretary of Labor, United States Department of Labor v. Excel Corp.*, 37 F.Supp.2d 1117 (C.D.Ill.1999) (*"Herman"*), is also currently pending before this Court. In *Herman*, the Secretary alleged that since March 10, 1998, Excel failed to compensate its employees for work done in excess of forty hours per week. The Secretary further alleged that Excel failed to keep adequate employment records in violation of § 211(c) of the FLSA.

After discovering the existence of the Secretary's suit, Excel filed this motion to dismiss, or in the alternative, to obtain summary judgment on Plaintiffs' suit. In its Motion, Excel argues that under § 216(b), the Secretary's antecedent suit precludes Plaintiffs from filing a private suit.

## II. Standard for Summary Judgment [1]

Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see Ruiz–Rivera v. Moyer*, 70 F.3d 498, 500–01 (7th Cir.1995). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In determining whether a genuine issue of material fact exists, the Court must consider the evidence in the light most favorable to the nonmoving party. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *See Howland v. Kilquist*, 833 F.2d 639 (7th Cir.1987).

## III. Analysis

■ Title 29 U.S.C. § 216(b) states in part:

Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of

---

**1.** Since Defendant has already filed an answer in this case, the Court will treat the motion as a Motion for Summary Judgment.

their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

. . .

The right provided by this subsection to bring an action by or on behalf of any employee, and the right of any employee to become a party plaintiff to any such action, shall terminate upon the filing of a complaint by the Secretary of Labor in an action under section 217 of this title in which (1) restraint is sought of any further delay in the prepayment of unpaid minimum wages, or the amount of unpaid overtime compensation, as the case may be, owing to such employee under section 206 or section 207 of this title by an employer liable therefor under the provisions of this subsection or (2) legal or equitable relief is sought as a result of alleged violations of section 215(a)(3) of this title.

Defendant argues that under the "clear language" of the statute, employees can file private lawsuits up until the Secretary brings an action under § 217 to enjoin the illegal practice. Accordingly, Defendant argues that since the Secretary filed a lawsuit against Defendant before Plaintiffs filed their suit, Plaintiffs' action should be dismissed.

In contrast, Plaintiffs argue that their suit should not be dismissed because their suit is different from the Secretary's suit. They argue that the Secretary's suit only seeks relief for violations for a period commencing March 10, 1998, whereas, their suit seeks relief for FLSA violations occurring prior to and including the period after March 10, 1998.[2] In addition, Plaintiffs argue that dismissing this suit would frustrate the congressional intent to protect workers.

If Plaintiffs' suit is identical to the Secretary's suit, the statutory language in § 216(b) dictates that the Court dismiss Plaintiffs' subsequently filed suit. *See, e.g., E.E.O.C. v. Madison Comm. Unit. Sch. Dist. No. 12,* 818 F.2d 577, 589 (7th Cir.1987) (Posner, J.) (Stating that language in § 216(b) "could not be clearer" in order to disallow attorney's fees to plaintiffs who intervened in the Secretary's suit). However, the statute appears to be ambiguous as to whether § 216(b) precludes a subsequently filed private suit that is *different* from the Secretary's suit. If the Court were to read the statute extremely broadly, the statute would preclude *all* and any private suits that are filed after the Secretary's suit, regardless of the subsequent suit's substantive and temporal basis. For example, suppose an employer has violated several different provisions of FLSA on several different occasions. If the Secretary decides to bring suit under § 217 regarding only one violation—either due to lack of knowledge of other violations or through an exercise of discretion—the other violations could never be adjudicated because the defendant's employees would be precluded from pursuing private suits to enforce the FLSA. Given that the statute was designed for remedial purposes, it is unlikely that Congress intended such a harsh result.

The legislative history seems to suggest that the "termination of rights" provision was designed only to apply to subsequent private suits that are identical to the previously filed Secretary's suit. As noted in the Senate report, the "termination of rights" provision was enacted to "relieve the courts and employers of the burden of litigating a multiplicity of suits based on

---

**2.** Plaintiffs submitted a letter from Richard Fiore, the regional director of the Department of Labor. Mr. Fiore indicates that it is his belief that because the Secretary's suit only alleges violations starting from March 10, 1998, it would not preclude Plaintiffs from seeking recovery for violations occurring be-

fore that date. Since this letter is not an official interpretation of the Department of Labor, and since it is not in a proper evidentiary form, the Court does not consider this letter in ruling on the summary judgment motion.

the *same violations* of the act by an employer." Sen. Rep. No. 145, 87th Cong., 1st Sess., reprinted in 1961 U.S.C.C.A.N. 1620, 1659 [emphasis added]. *A priori*, when the subsequent claim is different from the Secretary's suit, § 216(b) does not necessarily terminate the employees' right to sue for a different claim, even when they file their claim after the Secretary brings suit. Thus, the Court holds that a suit filed by the Secretary bars a subsequently filed private suit under § 216(b) to the extent that the suits allege the same claims under the FLSA. Having so decided, the Court must now determine whether or not Plaintiffs' suit alleges the identical violation as the Secretary's suit.[3]

■ The *Herman* complaint alleges that since March 10, 1998, Defendant failed to compensate workers for hours worked in excess of forty hours and failed to include compensable activities during lunch hours and before and after "gang time." In addition, the Secretary alleged that Defendant failed to keep adequate employment records.

The Complaint in this case alleges that Defendant failed to pay "regular rates" up to forty hours and for overtime pay in excess of forty hours.[4] Also, the Complaint alleges that Defendant failed to maintain adequate employment records.[5] Unlike the Secretary's complaint, Plaintiffs' Complaint does not specify a time period in which Defendant committed the alleged violations. This difference is critical to the resolution of this motion because under the relevant statute of limitations, Plaintiffs can recover for violations up to two years prior to the day Plaintiffs filed

this suit. *See* 29 U.S.C. § 254(a). The limitations period is increased to three years if the violations were willful. *Id.*

Obviously, Plaintiffs' Complaint includes the violations of the FLSA that occurred from March 10, 1998, as alleged in the Secretary's complaint and the alleged violations that occurred prior to March 10, 1998. Thus, to the extent the Plaintiffs seek relief from Defendant's FLSA violations that occurred prior to March 10, 1998, their suit is different from the Secretary's suit in *Herman.* Conversely, to the extent that Plaintiffs' Complaint overlaps with the Secretary's antecedent complaint, Plaintiffs' claims should be dismissed.

Last but not least, the cases cited by Defendant merit some discussion. First, Defendant cites *Donovan v. University of Texas at El Paso,* 643 F.2d 1201 (5th Cir.1981) and *E.E.O.C. v. Wackenhut,* 939 F.2d 241 (5th Cir.1991) as support for its position. These cases are, however, inapposite. Although the Fifth Circuit discusses § 216(b) as dicta in its opinions, neither case addresses the issue at bar. In *Donovan,* the sole issue before the court was whether the Secretary's suits under § 17 (§ 217) are subject to the class action rules of Fed.R.Civ.P. 23. *See Donovan,* 643 F.2d at 1203. Moreover, in *Wackenhut,* the issue was whether a private § 216(b) suit bars the *Secretary* from subsequently filing a duplicative suit. *See Wackenhut,* 939 F.2d at 242. Due to the difference in the issues addressed, the Court finds these cases unpersuasive.

Defendant also cites *Jones v. American Window Cleaning Corp.,* 210 F.Supp. 921

---

3. To determine the similarity between the two suits, the Court takes judicial notice of the complaint in *Herman* under Fed.R.Evid. 201.

4. In the complaint, Plaintiffs request that the Court order Defendant to pay back-pay at the "regular rate" of pay. Moreover, they seek to enjoin the Defendant from further violation of the FLSA. In its Reply brief, Defendant argues that no provision in the FLSA allows Plaintiffs' "regular rate" of pay. Defendant also argues that only the Secretary can seek an injunction

for wage provision violations. The Court agrees that Plaintiffs cannot seek an injunction for wage violations under § 216(b).

5. Under the statute, it appears that Plaintiffs cannot enforce this provision. *See* 29 U.S.C. 211(c); *Castillo v. Givens,* 704 F.2d 181, 198 n. 41 (5th Cir.1983) (No private enforcement mechanism for record keeping violations); *East v. Bullock's Inc.,* 34 F.Supp.2d 1176, 1183 (D.Ariz.1998) (same).

(E.D.Va.1962). In *Jones,* the Court dismissed a private employee's suit that was brought ten days after the Secretary's suit. *Id.* at 924. Implicit in the ruling, however, is that the lawsuits covered *identical* violations of the FLSA by the same defendant. The case is silent on whether a subsequent lawsuit that is different from the Secretary's suit should be precluded under § 216(b). Thus, the Court finds that *Jones* does not dispose of the case at bar.

In addition, Defendant relies heavily on *Bureerong v. Uvawas,* 922 F.Supp. 1450 (C.D.Cal.1996) in its brief. The case, however, does not support Defendant's argument. In *Bureerong,* one of the issues was whether private employees were precluded from suing some of the defendants, when the Secretary previously filed a suit against other named defendants. *See Bureerong,* 922 F.Supp. at 1461–65. After examining the legislative history, the court held that the "termination provision" in § 216(b) was "employer-specific." *Id.* at 1467. In other words, the court found that because the Secretary can strategically decline to sue certain defendants, § 216(b) did not preclude the employees from suing other defendants even if the private suit was filed *after* the Secretary's suit.

Defendant attempts to distinguish *Bureerong* by arguing that unlike the *Bureerong* case, the case at bar concerns only one defendant. The Court, however, finds this argument unpersuasive because that argument ignores the policy reasons behind the *Bureerong* court's ruling. That court found that preventing the plaintiffs from seeking compensation against a co-defendant would frustrate Congress' intent to provide labor protection. The *Bureerong* court articulated the congressional intent behind the FLSA into three basic purposes:

1. that the sections are designed to ensure that individuals will be compensated for their work;

2. that the enforcement prevents employers from gaining an unfair advantage against competitors by wrongfully withholding compensation; and

3. that the enforcement provision deters future misconduct.

*Bureerong,* 922 F.Supp. at 1466. After weighing these factors, the court interpreted § 216(b) to be "employer-specific" and, thus, allowed plaintiffs' suit to proceed.

After applying these factors to this case, the Court finds that the "termination provision" in § 216(b) should be "claim-specific." Disallowing Plaintiffs to sue would prevent them from receiving full compensation. In turn, paying less wages through a violation of law would give an unfair advantage to Defendant. Moreover, preventing Plaintiffs from suing would not maximize the deterrent effect of the statute. In fact, if the Court assumes numerous violations and an extended time frame that are not alleged in the Secretary's complaint, Defendant could hypothetically profit from its misconduct. Accordingly, the Court finds that these factors weigh in favor of allowing Plaintiffs' suit to proceed.

The Court is also mindful of the reasons why Congress enacted the "termination provision." Ineffectiveness of private enforcement and the Secretary's lack of power to enforce the FLSA prior to 1961 prompted Congress to empower the Secretary and to shift the primary reliance of private enforcement of the FLSA to the Secretary. *See Hodgson v. Wheaton Glass Co.,* 446 F.2d 527, 535 (3d Cir.1971); 1961 U.S.C.C.A.N. at 1658. Also, the provision was to limit multiplicity of suits for the same violation and to reduce the possibility of inconsistent adjudications. *See Donovan v. University of Texas at El Paso,* 643 F.2d 1201, 1207 (5th Cir.1981); *see also,* 1961 U.S.C.C.A.N. at 1659.

Even when these considerations are taken into account, the Court finds that its interpretation of § 216(b) is reasonable. Although a private plaintiff's suit is secondary to the Secretary's suit under the statutory scheme, the Court finds it unlikely that Congress intended to vitiate

private employees' entitlement to unpaid wages, especially when the Secretary's interest in filing the suit—e.g., deterrence—may be different from that of the employees. However, this would be the case when the Secretary only seeks relief for some, and not all, of the claims. Thus, precluding Plaintiffs from suing for their entitlements that are not represented by the Secretary would "frustrat[e] the basic purpose behind the FLSA." *Bureerong v. Uvawas,* 922 F.Supp. 1450, 1466 (C.D.Cal. 1996).

Moreover, since the two cases deal with alleged violations that occurred during two different times, the risk of inconsistent adjudications is minimal. In addition, if the Court consolidates the two cases, the risk of duplication of effort is also minimized.

■ In sum, the substance of the complaints, and not so much the filing dates, should dictate whether the Secretary's suit precludes Plaintiffs from filing a subsequent suit asserting a different claim. Per *supra,* the Court finds that the "termination provision" in § 216(b) is "claim-specific" and holds that the filing of the *Herman* case did not preclude Plaintiffs from filing this lawsuit to recover compensation for FLSA violations that occurred before March 10, 1998.

*Ergo,* Defendant's Motion to Dismiss is DENIED as moot.

Its alternative Motion for Summary Judgment is ALLOWED in part and DENIED in part. Summary judgment is denied to the extent Plaintiffs' suit seeks back pay that accrued before March 10, 1998. Summary Judgment is granted in favor of Defendant for FLSA violations that allegedly occurred during a period commencing March 10, 1998.

Furthermore, summary judgment is granted to Defendant on Plaintiffs' claim for injunctive relief. However, this order shall not have any *res judicata* or collateral estoppel effect on the Secretary's suit in *Herman v. Excel Corp.,* 98–3164.

Lastly, the Clerk of Court is directed to consolidate this case with case number 98–3164.