J^WILLIAMS, Judge.
The plaintiff, Bernie Russum, appeals the trial court’s judgment granting a peremptory exception of no cause of action filed by the defendant, Piggly Wiggly Red River Company, Inc. (Piggly Wiggly),[1] and dismissing the plaintiffs lawsuit. For the following reasons, we reverse the trial court’s judgment and remand the case for further proceedings.
FACTS AND PROCEDURAL HISTORY
On March 24, 1983, the plaintiff, Bernie Russum, filed a petition pursuant to the Fair Labor Standards Act (“FLSA”), 29 U.S.C. § 201 et seq., against the defendant,' Piggly Wiggly, to recover damages for unpaid overtime compensation. The plaintiff was employed as an assistant market manager by Piggly Wiggly in its store located on 70 th Street in Shreveport, Louisiana from March 1, 1980 until July 1982, when he was transferred to the store located on East Texas Avenue in Bossier City, Louisiana. At the time he filed his petition, March 24, 1983, the defendant was employed as a market manager by Piggly Wiggly.
The plaintiff alleges that he was required to work fifty hours per week although he was only paid for working forty hours per week. According to the plaintiff, he worked an extra ten hours each week for a total of more than 1500 hours of unpaid work. As a result, the plaintiff filed a claim to recover damages totaling $21,624.70 for the hours he worked in excess of forty hours per week.
The plaintiff filed his claim pursuant to Section 216(b) of the FLSA, which provides that upon the filing of any complaint by the United States Secretary of Labor, the right of any employee to seek unpaid wages is terminated in favor of the federal suit. On November 20, 1981, Raymond J. Donovan, Secretary of Labor, U.S. Department of Labor, filed a complaint against Piggly Wiggly under Section 1,217 of the FLSA, 29 U.S.C. § 217,[2] in the United States District Court, Western District of Arkansas, Civil Action No. 81-6079, seeking to enjoin the company from violating the provisions of the FLSA and to restrain the company from withholding payment of overtime compensation found by the court to be due to the employees. As a result of the complaint filed by the Secretary of Labor, the defendant filed a peremptory exception of no cause of action to the plaintiffs state suit.[3] The trial court found that the federal case preempted the state claim and dismissed the plaintiffs suit without prejudice.
On December 3, 1984, the plaintiff filed another petition under the FLSA naming Piggly Wiggly and Malone & Hyde, Inc.[4] *1065 as defendants. The plaintiff asserted that a pre-trial stipulation executed by the defendant and the Secretary of Labor provided that the 1981 complaint filed by the Secretary of Labor against Piggly Wiggly applied only to employees of certain Arkansas stores and did not include the store in Louisiana where the plaintiff was employed. In response to the plaintiffs second petition, the defendants again filed a peremptory exception of no cause of action.
The trial court again granted the defendants’ exception of no cause of action hand dismissed the plaintiffs claim, finding that the plaintiffs right to bring a private claim had terminated based upon Section 216(b) of the FLSA. The trial court subsequently denied the plaintiffs motion for rehearing and/or a new trial. The plaintiff appeals.
DISCUSSION
The plaintiff contends that, by virtue of the pre-trial stipulation entered into by the defendant and the Secretary of Labor in the federal suit, the FLSA is not applicable to his case. The plaintiff further asserts that he is not “specifically named in the complaint” nor is he one of the “affected employees” represented by the Secretary of Labor in the federal complaint filed in Arkansas.
On the other hand, the defendants argue that the filing of the complaint by the Secretary of Labor involved a company-wide investigation and the complaint was not filed in reference to any particular store or employee, or group of stores or employees. The defendants assert that it was only after discovery was conducted that the claim was narrowed to specific stores in which there was considered to be evidence of potential violations of the FLSA, and those stores were named individually in the pre-trial stipulation that was filed in the Arkansas action.
29 U.S.C. § 216(b) provides in pertinent part:
An action to recover the liability ... may be maintained against any employer (including a public agency) in any Federal or State Court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. The right provided by this subsection to bring an action by or on behalf of any employee, and the right of any employee to become a party plaintiff to any such action, shall terminate upon the filing of a complaint by the Secretary of Labor in an action under section 217 of this title in which (1) restraint is sought of any further delay in the payment of unpaid minimum wages, or the amount of unpaid overtime compensation, as the case may be, owing to such employee under section 206 or section 207 of this title by an employer liable therefore under the provisions of this subsection Lor (2) legal or equitable relief is sought as a result of alleged violations of section 215(a)(3) of this title.
In the present case, the complaint filed by the Secretary of Labor was filed sixteen months prior to the plaintiffs suit. A literal application of the FLSA reveals that the plaintiff is one of the “affected” employees represented by the Secretary of Labor and therefore, his right to bring a private claim terminated with the filing of the lawsuit by the Secretary of Labor. However, the record sets forth facts to support the plaintiffs contention that he is not one of the “affected” employees that the Secretary of Labor intended to represent in its complaint against the defendants.
The record reflects that prior to the federal trial in Arkansas, the defendant and the Secretary of Labor stipulated that the complaint filed by the Secretary of Labor applied only to employees who worked in six Piggly Wiggly Red River establishments in Hope, Hot Springs and Texarkana, Arkansas. Elois Vellucci, at *1066 torney for the United States Department of Labor, signed an affidavit and testified by deposition that the complaint filed by the Secretary of Labor applied only to the employees named in the pre-trial stipulation who worked for Piggly Wiggly Red River Company, Inc. in six stores located in Hope, Hot Springs and Texarkana, Arkansas. The record further reflects that the plaintiff was not one of the employees named in the pre-trial stipulation. Velluc-ci farther stated that the complaint did not apply to any employees who worked in stores located in Louisiana and there was no intention on the part of the Department of Labor to adversely affect the ability of any employee of any store, other than those delineated in the pre-trial stipulation, to bring their own separate civil action pursuant to the FLSA. According to Vellucci, the Department of Labor is not precluded from bringing action against other stores in the Piggly Wiggly chain in the future. In further support of the plaintiffs contention, the Secretary of Labor|KfiIed the complaint in the United States District Court for the Western District of Arkansas as opposed to filing the complaint in Louisiana where Piggly Wiggly was domiciled or in Tennessee, the domicile of Malone & Hyde, Inc.
The FLSA does not authorize an employee to file an identical private civil action against the defendant once a claim has been filed against the defendant by the Secretary of Labor. See, Donovan v. University of Texas at El Paso, 643 F.2d 1201 (5th Cir.1981); Floyd v. Excel Corporation, 51 F.Supp.2d 931 (C.D.Ill.1999). However, in the present case, the pre-trial stipulation and deposition testimony filed in the federal suit clearly establish that the Secretary of Labor only intended to remedy the defendants’ alleged violation of the FLSA in a specific geographic area and for a designated class of employees, which did not include the plaintiff herein. Therefore, we conclude that the FLSA does not contemplate that one suit brought against an employer by the Secretary of Labor to remedy a violation of the statute in a specific geographical area or for a designated class of employees would bar all employees in all geographic areas from filing suit against that employer to remedy alleged violations of the FLSA. See, Padgett v. Kentucky Utilities Co., 23 Wage & Hour Cas. (BNA) 777, 1978 WL 1614 (W.D.Ky.1978). Thus, the trial court erred in granting the defendants’ peremptory exception and dismissing the plaintiffs claims.
CONCLUSION
For the foregoing reasons, we reverse the trial court’s judgment dismissing the plaintiffs claims and remand the case to the trial court for further proceedings consistent with this opinion. Costs of this appeal are assessed to the defendants, Pig-gly Wiggly Red River Company, Inc. and Malone and Hyde, Inc.
REVERSED AND REMANDED.

. The defendant, Piggly Wiggly Red River Company, Inc., was incorrectly named in the plaintiffs petition as "Piggly Wiggly, Inc.”

. 29 U.S.C.A. § 217 provides:
The district courts, together with the United States District Court for the District of the Canal Zone, the District Court of the Virgin Islands, and the District Court of Guam shall have jurisdiction, for cause shown, to restrain violations of section 215 of this title, including in the case of violations of section 215(a)(2) of this title the restraint of any withholding of payment of minimum wages or overtime compensation found by the court to be due to employees under this chapter (except sums which employees are barred from recovering, at the time of the commencement of the ac-lion to restrain the violations, by virtue of the provisions of section 255 of this title).

. An exception of no right of action is the appropriate vehicle to raise the issue of whether the remedy afforded by the law can be invoked by this particular plaintiff. LSA-C.C.P. art. 927(A)(5); McIlwain v. Manville Forest Products Corporation, 416 So.2d 954 (La.App. 2nd Cir.1982). Thus, this exception is properly one of "no right of action”, and the trial court properly treated it as such. Vincent v. Penrod Dulling Co., 372 So.2d 807 (La.App. 3rd Cir.1979), writ denied, 375 So.2d 646 (La.1979).

. Prior to the time plaintiff's second petition was filed, Piggly Wiggly Red River Company, Inc. was purchased by Malone & Hyde, Inc.